UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES CLAY WALLER, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00025-SEP |
| | ) | |
| ERIC SCHMITT, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Petitioner James Clay Waller, II's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. For the reasons set forth below, Petitioner will be directed to show cause why this action should not be dismissed as untimely.

### BACKGROUND

Petitioner is a self-represented litigant who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. On July 31, 2012, the State of Missouri filed an Information charging Petitioner with one count of felony murder in the first degree, and two counts of felony tampering. *State of Missouri v. Waller*, No. 12CG-CR00686-01 (32nd Jud. Cir., Cape Girardeau Cnty.).[1] The charges relate to the death of Jacque Sue Waller and the subsequent concealment of her body. An Amended Information was filed on June 6, 2013, charging a single count of felony murder in the second degree. On that same date, Petitioner waived his presentence assessment report, pled guilty to the amended information, and was sentenced to twenty years' imprisonment, with the sentence to run concurrently with any sentence he was currently serving.[2] Petitioner did not file a direct appeal.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[2] Prior to being charged with murder in state court, Petitioner was indicted in federal court on a single count of transmitting in interstate commerce a threat to injure, in violation of 18 U.S.C. § 875(c). *United States v. Waller*, No. 1:11-cr-105-SNLJ (E.D. Mo. Sept. 7, 2011). The charge stemmed from an online comment made by Petitioner toward Cheryl Brennecke, the sister of Jacque Sue Waller, who was still

On May 19, 2016, an indictment was filed charging Petitioner with traveling in interstate commerce to kill Jacque Sue Waller, his spouse, in violation of 18 U.S.C. § 2261. *United States v. Waller*, No. 1:16-cr-58-AGF (E.D. Mo.). An initial appearance was held on May 24, 2016, at which time Petitioner was given a copy of the indictment. Petitioner pled guilty on October 5, 2017. On December 19, 2017, he was sentenced to 420 months' imprisonment and five years of supervised release. Petitioner did not file a direct appeal. On June 25, 2018, he filed a motion to vacate, set aside, or correct sentence, which is pending. *Waller v. United States*, No. 1:18-cv-158-AGF (E.D. Mo.).

On December 4, 2017, Petitioner filed a state court petition for writ of habeas corpus with the Missouri Court of Appeals. *Waller v. State of Missouri.*, No. ED106160 (Mo. Ct. App. 2017). In the petition, Petitioner argued that his attorney was ineffective by failing to inform him that he would be charged with a federal crime if he pled guilty to the state charge. The petition was denied on December 7, 2017, because Petitioner had not first filed a petition for writ of habeas corpus in the circuit court.

Petitioner filed a petition for writ of habeas corpus in the circuit court on October 17, 2019. *Waller v. Mo. Dep't of Corr.*, No. 19CW-CV01134 (13th Jud. Cir., Callaway Cnty.). In the petition, he alleged that his attorney acted as a "federal informant" by disclosing inculpatory facts to an agent of the Federal Bureau of Investigation (FBI) without his "written informed consent." Petitioner also alleged that the state prosecutor had promised him that no further prosecution would occur if he cooperated with the state in providing the location of Jacque Sue Waller's body. Although the prosecutor stated in open court that she could not control other jurisdictions from prosecuting him at his plea and sentencing hearing on June 6, 2013, Petitioner contended that this "disclaimer" occurred only after he had already produced the location of the body, and implied that the prosecutor knew that he was being targeted for future federal prosecution. On January 28, 2020, the Circuit Court of Callaway County ordered a change of venue to Cole County.

---

missing at the time. Petitioner pled guilty on October 3, 2011. *Id.* at Doc. [41]. On January 3, 2012, he was sentenced to 60 months' imprisonment and three years of supervised release. *Id.* at Doc. [58]. The judgment was affirmed on August 24, 2012. *United States v. Waller*, 689 F.3d 947 (8th Cir. 2012). Petitioner filed a motion to vacate, set aside, or correct sentence on March 8, 2013. *Waller v. United States*, No. 1:13-cv-48-SNLJ (E.D. Mo. Mar. 8, 2013). He later moved to withdraw the motion, and the matter was dismissed on May 28, 2013. *Id.* at Doc. [8].

The Circuit Court of Cole County received venue on January 31, 2020. *Waller v. Att'y Gen. Off.*, No. 20AC-CC00059 (19th Jud. Cir., Cole Cnty.). On July 27, 2020, Petitioner's petition for writ of habeas corpus was denied. The circuit court determined that Petitioner's claims were procedurally defaulted, as he had not raised them on direct appeal or in a post-conviction proceeding, nor had he shown that an exception to procedural default applied in his case. Petitioner filed an appeal on September 8, 2020.

The Missouri Court of Appeals dismissed Petitioner's appeal on October 9, 2020, for lack of jurisdiction. *Waller v. Mo. Att'y Gen.*, No. WD84015 (Mo. Ct. App. 2020). The Court of Appeals lacked jurisdiction because a petitioner cannot appeal the denial of a petition for writ of habeas corpus in the circuit court. A petitioner can only file a new petition in the appellate court.

Petitioner did file a petition for writ of habeas corpus in the Missouri Court of Appeals on October 27, 2020. *Waller v. Schmitt*, No. WD84113 (Mo. Ct. App. 2020). That petition was denied on November 5, 2020.

On December 16, 2020, Petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court. *Waller v. Schmitt*, No. SC98868 (Mo. 2021). The motion was denied on January 26, 2021.

Petitioner filed the instant action on February 3, 2021, by placing it in his prison's mailing system. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

## THE PETITION

Petitioner's petition for writ of habeas corpus is brought pursuant to 28 U.S.C. § 2254. The petition is typewritten on a Court-provided form. Attached to the petition are nine exhibits, lettered A through I. The exhibits include a writ of habeas corpus petition; a copy of Petitioner's May 2016 federal indictment; the July 27, 2020, denial of his habeas petition by the Cole County Circuit Court; a page from a brief written by an assistant attorney general; the Missouri Court of Appeals' October 9, 2020, dismissal of his petition for writ of habeas corpus; the Missouri Court of Appeals' November 5, 2020, denial of his petition for writ of habeas corpus; the Missouri Supreme Court's January 26, 2021, denial of his petition for writ of habeas corpus; a "self-declaration" authored by Petitioner; and a copy of Petitioner's 28 U.S.C. § 2255 motion relating to *United States v. Waller*, No. 1:16-cr-58-AGF (E.D. Mo.).

The Petition contains two grounds for relief. First, Petitioner asserts prosecutorial misconduct. Doc. [1] at 4. Specifically, he alleges that the prosecutor "knowingly suppressed knowledge of [the] federal prosecution at [the] onset of [the] plea offer," despite having promised him that there would be "no further prosecution in connection to Jacque's death" if he disclosed the location of her body. *Id.* The prosecutor "failed to disclose 'details' of [this] 'promise' to [the] court," making Petitioner's plea coerced and involuntary. *Id.* Petitioner contends that if he had known about the federal prosecution, he would never have cooperated or given the location of the body. *Id.*

Petitioner's second ground for relief is ineffective assistance of counsel. *Id.* at 6. He states that his attorney had a conflict of interest and actively served "two-masters in [the] plea offer." *Id.* According to Petitioner, his attorney "participated as a separate federal informant, giving protected attorney/client communication" to an FBI agent. *Id.* The attorney also advised Petitioner "to waive [*Miranda*] and confess his culpability to [separate] Illinois and federal criminal offence[s]." *Id.* The attorney purportedly did this in order to secure Petitioner's state guilty plea, which, Petitioner contends, makes his guilty plea involuntary.

With regard to the timeliness of his petition, Petitioner states that the one-year limitations period "is tolled and should be excused" because "[t]he factual predicate of these claims . . . could not have been discovered by [Petitioner] through due diligence at no fault of his own." *Id.* at 13. Petitioner argues that the prosecutor and his attorney concealed their actions by not reporting it to the court. *Id.* at 14. He contends that the prosecutor was required to disclose her "promise" of no further prosecutions to the court, and that she failed to do so. Petitioner asserts that he could not have discovered that the prosecutor's promise "was actually a lie" until he was federally prosecuted in May 2016. *Id.* at 13-14. By that point, Petitioner states, he "was already procedurally time-barred" because it was two years too late to file a timely appeal. *Id.* at 14.

## DISCUSSION

Petitioner is a self-represented litigant who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the Petition and the underlying state and federal actions, the Court finds that the Petition is untimely. Therefore, Petitioner will be ordered to show cause why his Petition should not be dismissed.

A. **Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). The one-year limitations period commences on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Specifically, 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"In three of those alternatives, Congress recognized that some theories of federal habeas relief are not . . . available immediately after a conviction becomes final on direct appeal, either because state action creates an impediment to filing the federal habeas petition, or because the factual or legal predicate for a particular theory are not yet available." *Jihad*, 267 F.3d at 804. However, in all other cases, § 2244(d)(1)(A) provides that the one-year period begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 244(d)(1)(A).

i. **28 U.S.C. § 2244(d)(1)(A)**

As noted above, 28 U.S.C. § 2244(d)(1)(A) provides that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565

U.S. 134, 150 (2012). If a Missouri prisoner does not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against him. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must "look to state-court filing deadlines to determine the expiration of the time for seeking direct review" (quoting *King v. Hobbs*, 666 F.3d 1132, 1135 n.2 (8th Cir. 2012))); Mo. Sup. Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final."); *State v. Waters*, 597 S.W.3d 185, 189 (Mo. 2020) ("A judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court.").

Petitioner was sentenced on June 6, 2013. He did not file a direct appeal, and his time for seeking direct review expired ten days later, on June 16, 2013. That is the date on which Petitioner's judgment became final. Under § 2244(d)(1)(A), Petitioner had one year from the date his judgment became final to file his 28 U.S.C. § 2254 petition. That one-year period ended on June 16, 2014. Petitioner did not file the instant petition until February 3, 2021—more than six years and seven months after the limitations period expired.

The Court notes that AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance'—i.e., 'until the completion of that process.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). State post-conviction relief proceedings are pending for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it. *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000) (stating that the "ordinary meaning of the word 'pending' . . . includes the entire period during which a notice of appeal from a denial of post-conviction review would be timely, assuming such a notice was in fact filed"). But "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period," *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001), even if the post-conviction petition was timely under state law, *see Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003).

Petitioner did not file any post-conviction proceeding until December 4, 2017, when he filed a petition for writ of habeas corpus in the Missouri Court of Appeals. *United States v. Waller*, No. 1:16-cr-58-AGF (E.D. Mo.). By the time that state habeas corpus action was

initiated, the one-year limitations period had been expired for approximately three years and five months. As such, the post-conviction tolling period does not save Petitioner's cause. The Petition still is untimely under 28 U.S.C. § 2244(d)(1)(A).

### ii. 28 U.S.C. § 2244(d)(1)(D)

As previously discussed, under the AEDPA, "a state prisoner has one year from the latest of four dates to seek federal habeas corpus relief." *Keller v. Pringle*, 867 F.3d 1072, 1075 (8th Cir. 2017). The Petition is untimely under 28 U.S.C. § 2244(d)(1)(A), which provides one year from the date a judgment becomes final to file a federal petition for writ of habeas corpus. But Petitioner seems to argue that the Petition is nonetheless timely under 28 U.S.C. § 2244(d)(1)(D).

Section 2244(d)(1)(D) provides that the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." "The factual predicate of a petitioner's claim consists of the vital facts underlying those claims." *Jimerson v. Payne*, 957 F.3d 916, 924 (8th Cir. 2020) (quoting *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)). While § 2244(d)(1)(D) acknowledges that some theories of federal habeas relief are not immediately available, it "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Earl*, 556 F.3d at 726 (quoting *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). In other words, it is important that a petitioner not confuse "his knowledge of the factual predicate of his claim with the process of gathering evidence in support of that claim." *Id.* (quoting *Flanagan*, 154 F.3d at 199).

Petitioner alleges that "[t]he factual predicate of these claims . . . could not have been discovered by [Petitioner] through due diligence at no fault of his own." Doc. [1-2] at 2. He asserts that he could not have challenged his conviction on the basis of the prosecutor's false "promise" of no further prosecutions until he discovered that it was false, which was when he was federally prosecuted.

As noted above, Petitioner was indicted in federal court on May 19, 2016, on a charge of traveling in interstate commerce to kill Jacque Sue Waller in violation of 18 U.S.C. § 2261. His initial appearance was on May 24, 2016, at which time he was given a copy of the indictment. If he did not know sooner, Petitioner certainly knew at that point that he was being federally prosecuted in violation of the alleged promise made by the prosecutor. *See* Doc. [1] at 13-14 (acknowledging "discovery" of the broken promise when federal charges brought in May 2016).

7

According to Petitioner, the facts underlying his claim consists of the actions of the prosecutor and his attorney to coerce him into pleading guilty. In particular, Petitioner states that he pled guilty based on the promise that he would not be prosecuted further. Despite this promise, he was later federally prosecuted. Petitioner would have known that this alleged promise had been broken as of May 24, 2016, when he made his first appearance in federal court and was handed his indictment.

Using May 24, 2016, as the date that he learned of the vital facts underlying his claim, Petitioner then had one year in which to file his 28 U.S.C. § 2254 petition. That one-year period ended on May 24, 2017, long before Petitioner filed the instant petition on February 3, 2021. Moreover, Petitioner did not file his first state post-conviction action until December 4, 2017, nearly six months after the one-year period under § 2244(d)(1)(D) expired. As such, Petitioner is not able to take advantage of any tolling period provided by the filing of state post-conviction proceedings because the filing window had closed before those proceedings were initiated. Accordingly, the Petition is not timely under 28 U.S.C. § 2244(d)(1)(D) either.

### B. Order to Show Cause

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that Petitioner's action is untimely. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As a result, the Court will order Petitioner to show cause in writing no later than thirty (30) days from the date of this Order why this action should not be dismissed as untimely because it was filed after the statute of limitations. In his show cause response, Petitioner must demonstrate either that his Petition is timely or that his untimeliness should be excused. Failure to comply will result in the dismissal of this action without notice and without further proceedings.

### C. Motion for Leave to Proceed in Forma Pauperis

Petitioner moves for leave to proceed *in forma pauperis*. *See* Doc. [2]. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1).

### D. Motion for Discovery

Petitioner asks the Court to grant him leave to conduct discovery and to direct Respondent to provide written answers so that he can "fully develop and demonstrate the

material facts that would" entitle him to relief. Doc. [3] at 1. That motion is premature, as Respondent has not yet been ordered to respond. Furthermore, Petitioner is being ordered to show cause why the Petition should not be dismissed as time-barred. Thus, the motion for discovery will be denied at this time.

### E. Motion to Appoint Counsel

Petitioner also moves for appointment of counsel. Doc. [8]. There is no constitutional or statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (In the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28."). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Here, Petitioner is being directed to show cause why his case should not be dismissed as time-barred. Because he has not yet shown that his case should proceed beyond the preliminary review provided by Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, the Court will deny Petitioner's current request for appointment of counsel. The Court will entertain future motions for the appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery (Doc. [3]) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel (Doc. [8]) is **DENIED**.

**IT IS FINALLY ORDERED** that Petitioner shall show cause in writing within **thirty (30) days** of the date of this Order why the Court should not dismiss his petition for writ of habeas corpus as time-barred. Failure to comply will result in denial of the habeas corpus petition and dismissal of this action without further proceedings.

Dated this 1st day of July, 2021.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE