UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES CLAY WALLER, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-00025-SEP |
| ) | |
| ERIC SCHMITT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner James Clay Waller, II's response to the Court's July 1, 2021, Memorandum and Order, which required Petitioner to demonstrate why his Petition for Writ of Habeas Corpus, Doc. [1], should not be dismissed as time-barred. *See* Docs. [10], [12]. For the reasons set forth below, the Petition is denied as untimely.

### BACKGROUND

Petitioner is a self-represented litigant who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. *See* Doc. [1-13]. On July 31, 2012, the State of Missouri filed an information charging Petitioner with one count of felony murder in the first degree and two counts of felony tampering. *State of Missouri v. Waller*, No. 12CG-CR00686-01 (32nd Jud. Cir., Cape Girardeau County).[1] The charges related to the death of Jacque Sue Waller and the subsequent concealment of her body. An amended information was filed on June 6, 2013, charging a single count of felony murder in the second degree. On that same date, Petitioner pled guilty to the amended information, waived his presentence assessment report, and was sentenced to 20 years' imprisonment, the sentence to run concurrently with any sentence he was currently serving.[2] Petitioner did not file a direct appeal.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)) (courts "may take judicial notice of judicial opinions and public records.").

[2] Prior to being charged with murder in state court, Petitioner was indicted in federal court on a single count of transmitting in interstate commerce a threat to injure, in violation of 18 U.S.C. § 875(c). *United*

On May 19, 2016, an indictment was filed in federal court, charging Petitioner with traveling in interstate commerce to kill his spouse, Jacque Sue Waller, in violation of 18 U.S.C. § 2261.  *United States v. Waller*, No. 1:16-cr-58-AGF (E.D. Mo.).  Petitioner pled guilty to that charge on October 5, 2017, and was sentenced to 420 months' imprisonment and five years of supervised release on December 19, 2017.  Petitioner did not file a direct appeal, but on June 25, 2018, he filed a motion to vacate, set aside, or correct sentence, which was denied on August 27, 2021.  *Waller v. United States*, No. 1:18-cv-158-AGF (E.D. Mo.).

On December 4, 2017, Petitioner filed a state court petition for writ of habeas corpus with the Missouri Court of Appeals.  *Waller v. State of Missouri*, No. ED106160 (Mo. Ct. App. 2017).  In the petition, Petitioner argued that his attorney was ineffective by failing to inform him that he would be charged with a federal crime if he pled guilty to the state charge.  The petition was denied on December 7, 2017, because Petitioner had not first filed a petition for writ of habeas corpus in the circuit court.

On October 17, 2019, Petitioner filed a petition for writ of habeas corpus in the circuit court.  *Waller v. Missouri Dep't of Corrs.*, No. 19CW-CV01134 (13th Jud. Cir., Callaway County).  In the petition, he alleged that his attorney had acted as a "federal informant" by disclosing inculpatory facts to an agent of the Federal Bureau of Investigation (FBI) without his "written informed consent." *Id.* at 3, 4. Petitioner further argued that the state prosecutor promised him that no further prosecution would occur if he cooperated with the state in providing the location of Jacque Sue Waller's body.  He explained that at his plea and sentencing hearing on June 6, 2013, the prosecutor stated in open court that she could not control other jurisdictions from prosecuting him.  Petitioner contended that this "disclaimer" occurred only after he had already produced the location of the body, and he implied that the prosecutor knew that he was being targeted for a future federal prosecution.  On January 28, 2020, the Circuit Court of Callaway County ordered a change of venue to Cole County.

---

*States v. Waller*, No. 1:11-cr-105-SNLJ (E.D. Mo.).  The charge stemmed from an online comment made by Petitioner toward Cheryl Brennecke, the sister of Jacque Sue Waller.  Petitioner pled guilty on October 3, 2011.  On January 3, 2012, he was sentenced to 60 months' imprisonment and three years of supervised release.  The judgment was affirmed on August 24, 2012.  *United States v. Waller*, No. 12-1036 (8th Cir. 2012).  Petitioner filed a motion to vacate, set aside, or correct sentence on March 8, 2013.  *Waller v. United States*, No. 1:13-cv-48-SNLJ (E.D. Mo.).  He later moved to withdraw the motion, and that matter was dismissed on May 28, 2013.

2

The Circuit Court of Cole County took up the case on January 31, 2020. *Waller v. Attorney General's Office*, No. 20AC-CC00059 (19th Jud. Cir., Cole County). On July 27, 2020, Petitioner's petition for writ of habeas corpus was denied. The circuit court determined that Petitioner's claims were procedurally defaulted, as he had not raised them on direct appeal or in a post-conviction proceeding. The circuit court further determined that Petitioner failed to establish that an exception to procedural default existed in his case. Petitioner filed an appeal on September 8, 2020. The Missouri Court of Appeals dismissed Petitioner's appeal on October 9, 2020, for lack of jurisdiction after determining that Petitioner could not appeal from the denial of a writ of habeas corpus in the Circuit Court, and, instead, must file a new petition in the appellate court. *Waller v. Missouri Attorney General*, No. WD84015 (Mo. Ct. App. 2020).

Accordingly, Petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals on October 27, 2020. *Waller v. Schmitt*, No. WD84113 (Mo. Ct. App. 2020). That petition was denied on November 5, 2020. On December 16, 2020, Petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court, which was also denied on January 26, 2021. *Waller v. Schmitt*, No. SC98868 (Mo. banc. 2021).

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 3, 2021. Doc. [1]. The Petition contains two grounds for relief. In Ground One, Petitioner alleges prosecutorial misconduct. *Id.* at 4. Specifically, he contends that the prosecutor "knowingly suppressed knowledge of [the] federal prosecution at [the] onset of [the] plea offer," despite promising him that there would be "no further prosecution in connection to Jacque's death" if he disclosed the location of her body. *Id.* The prosecutor allegedly "failed to disclose details of [this] promise to [the] court," making Petitioner's plea coerced and involuntary. Petitioner asserts that if he had known about the federal prosecution, he would never have cooperated or given the location of the body. *Id.* In Ground Two, Petitioner alleges ineffective assistance of counsel. Doc. [1] at 6. He states that his attorney had a conflict of interest and actively served "two-masters in [the] plea offer." *Id.* According to Petitioner, his attorney "participated as a separate federal informant, giving protected attorney/client communication" to an FBI agent. *Id.* The attorney also advised Petitioner "to waive [*Miranda*] and confess his culpability to [separate] Illinois and federal criminal offence[s]." *Id.* The attorney purportedly did this to secure Petitioner's state guilty plea. *Id.* Petitioner claims that this caused his guilty plea to be involuntary. *Id.*

3

With respect to timeliness, Petitioner contends that the one-year limitations period "is tolled and should be excused" because "[t]he factual predicate of these claims . . . could not have been discovered by [Petitioner] through due diligence at no fault of his own." *Id.* at 13.  He asserts that the prosecutor was required to disclose her "promise" of no further prosecutions to the Court, and that he was unable to discover that her promise was a lie until he was federally prosecuted in May 2016.  *Id.* at 13-14.  By that time, he claims, it was too late to file a timely appeal, and he "was already procedurally time-barred." *Id.* at 14.

On July 1, 2021, the Court directed Petitioner to show cause as to why his 28 U.S.C. § 2254 Petition should not be denied and dismissed as time-barred, explaining that the Petition appeared to be untimely under both 28 U.S.C. § 2244(d)(1)(A) and 28 U.S.C. § 2244(d)(1)(D).  Doc. [10]; *see Day v. McDonough*, 547 U.S. 198, 210 (2006) (citations omitted) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").  Petitioner's response was filed on July 16, 2021.  Doc. [12].

### Petitioner's Show Cause Response

Petitioner's Show Cause Response begins by asserting that his "procedural default should be excused because doing otherwise would result in a fundamental miscarriage of justice."  Doc. [12] at 1.  He contends that his prosecutor and attorney "violated the law" to ensure that he was punished and failed to follow Missouri's Rules of Professional Conduct.  *Id.*  Like his Petition, Petitioner's Show Cause Response is premised on the claim that the prosecutor promised him that he would not face further prosecution if he pled guilty in state court.  *Id.* at 2.  That promise was subsequently "broken," he claims, when Petitioner was indicted in federal court on charges related to the death of his wife.  *Id.*

Petitioner makes no attempt to argue that his Petition was timely submitted under 28 U.S.C. § 2244(d)(1)(A).  Rather, he maintains that under 28 U.S.C. § 2244(d)(1)(D), the "start date is in controversy," and "that his claim is timely, because he is still gathering evidence." *Id.*  Petitioner states that the prosecutor's "promise was a contract." *Id.*  He contends that under Missouri law, an action for breach of contract does not "accrue when the wrong was done . . . but when the damage resulting therefrom is sustained." *Id.*  While he acknowledges that the prosecutor's "promise was broken by [his receipt of the] copy of [the] indictment," he contends that the statute of limitations does not begin running until "final judgment." *Id.*  Petitioner argues that "[p]rosecution is defined as" a continuing legal proceeding, and he alleges that he "is

4

still being prosecuted and no damages have occurred yet." *Id.* In other words, "[u]nder Missouri law, damages resulting from [the prosecutor's] breach of contract" are not yet capable of ascertainment, as the 28 U.S.C. § 2255 motion in his federal case is still pending. *Id.* at 2-3.

Therefore, Petitioner asserts that the Court "mis-interpreted the law" when it calculated that his statute of limitations began running on May 24, 2016, when he was formally presented with his charges in federal court. *Id.* at 3. Instead, Petitioner insists that the statute of limitations does not start running until final judgment, "when damages occur[]." *Id.* By Petitioner's calculations, then, his statute of limitations period has not even commenced, because his federal prosecution may still be "vacated and or set aside because of misconduct." *Id.* Moreover, Petitioner asserts that "he is yet to discover all the legal and or factual predicate[s] of evidence supporting his underlying constitutional claim." *Id.* at 2. Because he is still gathering evidence, he contends, his Petition is timely.

### PETITIONER'S SUPPLEMENT TO HIS SHOW CAUSE RESPONSE

On July 22, 2021, the Court received a supplement to Petitioner's Show Cause Response. Doc. [13]. In the supplement, Petitioner asks the Court to consider his "additional evidence when deciding" whether it "should consider this case." *Id.* at 1. Petitioner's "additional evidence" consists of an assertion that, at his plea hearing on June 6, 2013, his state sentencing judge "represented to [him] that he was not allowed to file any appeals," either direct or post-conviction, because he was pleading guilty. *Id.* In support of that claim, Petitioner attaches as an exhibit a page from the transcript of his plea and sentencing hearing. *See id.* at 4. Petitioner directs the Court to the portion of the transcript where the judge states:

> If you plead guilty, you give up all of those trial rights forever because if you plead guilty there will never be a trial and there will never be any appeal in this case. Do you understand that?

*Id.* On review of the transcript, the Court finds no mention of post-conviction actions by the sentencing judge, nor any direct advice that Petitioner was not allowed to appeal. Petitioner claims that his attorney also told him he could not appeal because he pled guilty. *Id.* at 2.

Petitioner contends that, because he believed what the judge and his lawyer told him, he never sought a direct appeal or post-conviction relief in a timely manner, and that "caused actual and substantial disadvantage to [him] when he could have filed [a] timely appeal." *Id.* at 2. Petitioner asserts that his "procedural default was caused by a combined effort through all state actors involved," and asks the Court to "take judicial notice and hear this case on its merits." *Id.*

5

## DISCUSSION

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 'Congress established a 1-year statute of limitations period for seeking federal habeas relief from a state-court judgment[.]'" *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007) (citing 28 U.S.C. § 2244(d)). The "one-year statute of limitations begins to run on the latest of four alternative dates[.]" *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Specifically, 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"In three of those alternatives, Congress recognized that some theories of federal habeas relief are not . . . available immediately after a conviction becomes final on direct appeal, either because state action creates an impediment to filing the federal habeas petition, or because the factual or legal predicate for a particular theory are not yet available." *Jihad*, 267 F.3d at 804. However, "[i]n all other cases . . . the one-year period begins to run on 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* (citing 28 U.S.C. § 2244(d)(1)(A)).

### A. 28 U.S.C. § 2244(d)(1)(A)

The United States Supreme Court has held that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) "when the time for seeking further direct review in the state court

6

expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (quoting *King v. Hobbs*, 666 F.3d 1132, 1135 n.2 (8th Cir. 2012)) (cleaned up) ("[W]hen a prisoner decides to forgo state-court appeals, we must 'look to state-court filing deadlines to determine the expiration of the time for seeking direct review.'"); *see* Mo. Sup. Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final."); *State v. Waters*, 597 S.W.3d 185, 189 (Mo. banc. 2020) ("A judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court.").

Turning to this case, Petitioner was sentenced on June 6, 2013. He did not file a direct appeal. His time for seeking direct review expired ten days later, on June 16, 2013. Therefore, Petitioner's judgment became final on June 16, 2013. Under § 2244(d)(1)(A), Petitioner had one year from the date his judgment became final to file his 28 U.S.C. § 2254 petition. That one-year period ended on June 16, 2014. Petitioner did not file the Petition now under review until February 3, 2021; therefore, it is untimely under § 2244(d)(1)(A).

AEDPA's statute of limitations does toll while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance'– *i.e.*, 'until the completion of that process.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). State post-conviction relief proceedings are pending for the period between the trial court's denial of post-conviction relief and the filing of an appeal. *Peterson v. Gammon*, 200 F.3d 1202, 1204-05 (8th Cir. 2000) ("The ordinary meaning of the word 'pending' . . . includes the entire period during which a notice of appeal from a denial of post-conviction review would be timely, assuming such a notice was in fact filed . . . ."). But "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period," *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001), even if the post-conviction petition was timely under state law, *see Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003).

Here, Petitioner did not file any post-conviction petitions until December 4, 2017, when he filed a petition for writ of habeas corpus in the Missouri Court of Appeals. By the time the

7

state habeas corpus action was initiated, the one-year limitations period had already been expired for approximately three years and five months.  As such, the post-conviction tolling period does not save this petition.

Nothing in Petitioner's Show Cause Response or Supplemental Response calls the above calculations into question.  Petitioner states that "the calculation of the [one] year period has not legally started for the purposes of [§] 2244(d)(1)(A)," Doc. [12] at 3, but he does not provide any support for that proposition.  Therefore, Petitioner's 28 U.S.C. § 2254 Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

### B.  28 U.S.C. § 2244(d)(1)(D)

Petitioner also argues that his Petition is timely under 28 U.S.C. § 2244(d)(1)(D).  Under § 2244(d)(1)(D), the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  "The factual predicate of a petitioner's claims constitutes the vital facts underlying those claims."  *Jimerson v. Payne*, 957 F.3d 916, 924 (8th Cir. 2020) (quoting *Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)).  While § 2244(d)(1)(D) acknowledges that some theories of federal habeas relief are not immediately available, it "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might support his claim."  *Earl*, 556 F.3d at 726 (citing *Flanagan v. Johnson,* 154 F.3d 196, 199 (5th Cir.1998)).  In other words, it is important that a petitioner not "confus[e] his knowledge of the factual predicate of his claim with [the process of] gathering evidence in support of that claim."  *Id* (quoting *Flanagan*, 154 F.3d at 199).

Here, Petitioner alleges that "[t]he factual predicate of [his] claims . . . could not have been discovered by [Petitioner] through due diligence . . . ."  Doc. [1] at 13.  Specifically, he asserts that he could not challenge the details of the prosecutor's "promise" about no further prosecutions until he discovered that it was untruthful (i.e., until his federal prosecution).  Before that time, he alleges that he believed the prosecutor's promise to be true.  *See id.*

Petitioner's argument is unpersuasive.  He was indicted in federal court on May 19, 2016, on a charge of traveling in interstate commerce to kill Jacque Sue Waller in violation of 18 U.S.C. § 2261.  *United States v. Waller*, No. 1:16-cr-58-AGF (E.D. Mo.).  His first appearance took place on May 24, 2016, at which time he was given a copy of the indictment.  At that time, if not sooner, Petitioner would have known that he was being federally prosecuted in violation of

8

the alleged promise made by the prosecutor. Indeed, Petitioner acknowledges that he "discovered" that the prosecutor's "promise was broken" when he "was federally prosecuted in May 2016." Doc. [1] at 13-14.

Petitioner learned of the vital facts underlying his claim no later than May 24, 2016. Accordingly, he had one year from that date to file his 28 U.S.C. § 2254 petition. That one-year period ended on May 24, 2017, long before Petitioner filed the instant Petition on February 3, 2021. And Petitioner did not file his first state post-conviction action until December 4, 2017, nearly six months after the one-year period under § 2244(d)(1)(D) expired. As such, Petitioner may not take advantage of any tolling period provided by the filing of state post-conviction proceedings, because the filing window had closed before those proceedings were initiated.

In his Show Cause Response, Petitioner makes two arguments that his Petition is timely under § 2244(d)(1)(D). First, he asserts that May 24, 2016, is not the proper start date for the one-year limitations period, as he claims that Missouri contract law provides that a cause of action for breach of contract does not "accrue" until his damages are capable of ascertainment. *See* Doc. [12] at 2. While he admits that he learned the prosecutor's "promise was broken by [his receipt of the] copy of [the] indictment," he insists that he is not yet capable of ascertaining his damages, because the prosecution is ongoing. *Id.* Thus, according to Petitioner, those damages are still unknown, and therefore, his federal case is pending the outcome of his 28 U.S.C. § 2255 motion.

That argument is unavailing. Petitioner's limitations period is not controlled by Missouri contract law, but by the provisions of 28 U.S.C. § 2244. As explained above, Petitioner contends that the factual predicate of his claim is that the prosecutor and his attorney broke a promise to him that he would not face further prosecution regarding his wife's death, as long as he pled guilty in state court. And as Petitioner acknowledges, he discovered that this so-called promise had been "broken" when he was indicted in federal court, on May 24, 2016. Doc. [12] at 1. Accordingly, that is the date on which his limitations period began.

Petitioner's second argument consists of his belief that his claim is timely because he is still currently gathering evidence. Doc. [12] at 2. He states that he "is still exercising his due diligence" and that the "material facts (further prosecution) of [the prosecutor] making and violating [the] promise is still yet to be discovered." *Id.* Additionally, he adds that he is still trying to determine if the promise was made with the "intent of deception." *Id.* That argument is

9

also not persuasive. Petitioner does not explain what evidence he is attempting to gather, or why it is important to his case. Nor does he make any argument as to why the allegedly necessary information could not have been collected within the year following his federal indictment.

As discussed above, § 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Earl*, 556 F.3d at 726 (quoting *Flanagan*, 154 F.3d at 199). Moreover, Petitioner should not "confus[e] his knowledge of the factual predicate of his claim with the process of gathering evidence in support of that claim." *Id.* (quoting *Flanagan*, 154 F.3d at 199). Despite the Court's admonishment regarding these principles in its Show Cause Order, Doc. [10], Petitioner has conflated knowledge of the claim with the collection of evidence to support it. Indeed, he implies that his limitations period should not even start until he marshals the proof he requires. Such an extended period of evidence-gathering is not provided for by statute.

Therefore, for the foregoing reasons, Petitioner's 28 U.S.C. § 2254 Petition is untimely under 28 U.S.C. § 2244(d)(1)(D).

### C. Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017)). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

"The diligence required for equitable tolling is 'reasonable diligence', not 'maximum feasible diligence.'" *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). And the "extraordinary circumstance must be beyond a prisoner's control . . . and rise above a 'garden variety claim of excusable neglect[.]'" *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (internal citations and quotation marks omitted). It must have made it "impossible for the prisoner to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)). And it must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012). Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of

relief." *Jihad*, 267 F.3d at 805. "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl*, 556 F.3d at 722.

Petitioner claims that his sentencing judge and attorney told him he was not allowed to file any appeals or postconviction actions in his state criminal case. Doc. [13] at 1-2. Believing what they said, Petitioner states that he never sought a direct appeal or filed a postconviction motion in a timely manner, which "caused actual and substantial disadvantage to [him] when he could have filed [a] timely appeal." *Id.* at 2. The Court construes Petitioner's argument as a claim that he is entitled to equitable tolling, but he has not satisfied his burden to demonstrate that he is entitled to equitable tolling in this case. *See Pace*, 544 U.S. at 418.

First, with respect to the sentencing judge's statements, the statements were made in the context of a standard plea colloquy. The judge's statements referred to the fact that there would be no appeal as to a finding of Petitioner's guilt, as he was foregoing a trial on that issue. There is no indication in the record that the judge told Petitioner that he could not file a post-conviction motion; nor has Petitioner indicated that the judge or anyone else prevented him from doing so. Therefore, Petitioner has not established that the judge's brief statement was an extraordinary circumstance that prevented him from timely filing his 28 U.S.C. § 2254 Petition.

Petitioner's attorney allegedly telling him that he could not file an appeal also is not an extraordinary circumstance. There are no facts in the record suggesting that Petitioner asked his attorney to file an appeal or post-conviction motion and the attorney refused or failed to do so. At most, Petitioner's claim is that he received imprecise legal advice from his attorney, which is not enough to entitle Petitioner to equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011) (attorney's miscalculation of a filing deadline is not an extraordinary circumstance for purposes of equitable tolling).

Finally, the Court notes that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quoting *Kreutzer*, 231 F.3d at 463). Here, Petitioner has established only apparent confusion about statements made to him by his attorney and sentencing judge. He has not demonstrated that he made any effort to

clarify his understanding of these statements, that the statements were made with the intention of keeping Petitioner from submitting a post-conviction motion, or that he was otherwise prevented from filing such motions. Accordingly, he has not demonstrated that he is entitled to the "exceedingly narrow window of relief" provided by the doctrine of equitable tolling.

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 must be dismissed as time-barred.

### SUMMARY DISMISSAL

Rule 4 of the Rules Governing § 2254 Cases for the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons discussed above, the Petition is untimely under both 28 U.S.C. § 2244(d)(1)(A) and (d)(1)(D), and Petitioner has not demonstrated that equitable tolling is warranted. Therefore, it plainly appears that Petitioner is not entitled to relief. Accordingly, the Court must deny and dismiss Petitioner's 28 U.S.C. § 2254 Petition as time-barred.

### CERTIFICATE OF APPEALABILITY

The Court has considered whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To issue such a certificate, the Court must find "a substantial showing of the denial of a constitutional right." *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Petitioner has not made such a showing; therefore, the Court will not issue a certificate of appealability.

### MOTIONS FOR STAY AND ABEYANCE

Petitioner has filed two Motions to Stay and Abey his 28 U.S.C. § 2254 Petition.[3] Docs. [17], [18]. In them, Petitioner asks the Court for a stay and abeyance so that he "can reasonably ensure his claims have met all the [exhaustion] requirements," and states that he just wants "to be

---

[3] Petitioner's second motion is duplicative of his first. Plaintiff appears to have filed the second motion because he "is not sure the Court received [the first] motion." Doc. [18] at 1.

sure." Doc. [17] at 1; *see* Doc. [18] at 1. He claims that he "has discovered clear and convincing evidence on [January] 20, 2022, . . . which was undiscoverable up until that above mentioned date." Doc. [17] at 1. He asserts that "[t]his material evidence was concealed and only discovered by Federal legal action." *Id.* Specifically, he refers to a guilty plea to federal domestic violence, for which he received 35 years in federal prison, with a final judgment on January 20, 2022. Doc. [17] at 2. Petitioner asserts that the prosecution was "fundamentally unfair," since he had been "promised no further prosecution." *Id.*

      Petitioner also asserts that the "promise" discussed in his Petition "caused the procedural default and a jurisdictional default," and asks the Court "to determine if the exhaustion requirements regarding the claims about the promise [have] already been satisfied." *Id.* at 1. He contends that the request is reasonable because the State of Missouri "never denied the promise." *Id.* He argues that he "would have filed [a] timely direct or post conviction appeal had they reported their misconduct on day one (1) after his guilty plea on June 6, 2013." *Id.* Accordingly, Petitioner asks the Court "to grant the stay and abeyance, if this court deems that the promise [has] not been fully exhausted in Missouri state courts." *Id.* at 3.

      A district court has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A stay and abeyance can be proper where a petitioner has "fail[ed] to present his claims first to the state courts," *id.*, but the district court finds that: (1) the petitioner "had good cause for failing to exhaust"; (2) the petitioner's "unexhausted claims were potentially meritorious"; and (3) the petitioner "had not engaged in intentionally dilatory litigation tactics." *Howard v. Norris*, 616 F.3d 799, 801 (8th Cir. 2010) (citing *Rhines*, 544 U.S. at 278). But the *Rhines* stay-and-abeyance procedure is limited to timely petitions. *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009). Because the Petition under review is untimely, Petitioner's Motions for Stay and Abeyance must be denied as moot.

      Accordingly,

      **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. [1], is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d). A separate order of dismissal will be entered herewith.

      **IT IS FURTHER ORDERED** that Petitioner's Motions for Stay and Abeyance, Docs. [17], [18], are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 12th day of September, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE